### Patrick Sullivan *vs.* Patrick M. Fitzgerald.

No exception lies to the refusal of a judge of the superior court to require a plaintiff, whose declaration contains one count in tort and one in contract for the same cause of action, to elect upon which count he will proceed.

One who enlisted in the military service of the United States under a representation that the town towards the quota of which he enlisted was only paying a certain sum as bounty, and who accordingly accepted said sum without any contract for the payment of anything further to him, may nevertheless recover, upon a count for money had and received, from the broker through whose agency he enlisted, a sum paid to such broker by the town as bounty for the enlistment.

THE declaration in this case contained one count in contract, for money had and received, and one in tort, both being for the same cause of action.

Before the case was opened to the jury, in the superior court, the defendant asked the court to require the plaintiff to elect on which count he would proceed; but *Lord,* J. refused so to order, at that stage of the case.

The plaintiff testified that on the 7th of June 1864 he enlisted in the military service of the United States, towards the quota of Deerfield; that previously, perhaps a month or two, Dexter Childs, the chairman of the selectmen of Deerfield, asked him to enlist, and promised to pay him the same as others; that on the 7th of June he informed Childs that he was going to enlist, and Childs, after a conversation with the defendant, told the defendant to pay to the plaintiff fifteen dollars and he would be responsible; that the plaintiff wanted thirty dollars, having some small bills to pay, and Childs told the defendant to pay the plaintiff thirty dollars, and go with him to the provost marshal's office and see that all was right; that the defendant did so, and informed the plaintiff that Deerfield was paying as much as other towns, and he only made five dollars for each man out of it; that he made no bargain or agreement whatever with the defendant; and that all the bounty which he had received was the thirty dollars. On cross-examination he testified that he did not decide to enlist till June 7th, and that his previous talk with Childs was not a contract and " did not amount to anything."

Childs testified that the defendant was a broker, who furnished a number of men to Deerfield; that he dealt wholly with the defendant, respecting the plaintiff's enlistment; that the selectmen subsequently paid to the defendant one hundred and ninety dollars for the plaintiff's enlistment; and that the smallest sum paid by Deerfield about that time for a volunteer was one hundred and seventy-five dollars.

The defendant testified that on the 7th of June the plaintiff informed Childs and him that he was going to enlist, and asked what Deerfield would pay; that one or both of them replied, fifteen dollars; that the plaintiff said he would not go for that.

but would go for thirty dollars; that Childs told the defendant to pay the plaintiff thirty dollars; that Childs went away, and the defendant telegraphed to him that the plaintiff had passed the examination; that the defendant subsequently received from the selectmen one hundred and ninety dollars as the bounty paid by them for the plaintiff's enlistment; and that there was no bargain, agreement or arrangement between the plaintiff and defendant, except as above mentioned.

Upon this testimony of the defendant, the judge said he should rule that the plaintiff was entitled to recover, on the count for money had and received, the amount paid by the selectmen for his enlistment.

The defendant's counsel then stated that he had a witness who would testify that the plaintiff told him he had agreed to enlist for thirty dollars. But the judge said that if the town was paying from one hundred and seventy-five dollars to one hundred and ninety dollars for each man enlisting, and the officer having charge of the matter had previously told the plaintiff that he, if he enlisted, should receive the same as others, and if at the time of the enlistment he told the plaintiff he was paying only fifteen dollars, and did pay one hundred and ninety dollars for the enlistment of the plaintiff, such testimony would be immaterial, even if it established the fact that the plaintiff did agree to enlist for that sum.

The defendant thereupon consented to a verdict for the plaintiff, and alleged exceptions.

*S. O. Lamb*, for the defendant.

*G. W. Bartlett*, for the plaintiff.

CHAPMAN, J. The presiding judge rightly refused to require the plaintiff to elect upon which count he would proceed to trial; for if the plaintiff should prove such facts as to establish a valid claim, no technical distinction between actions of contract and actions of tort ought to defeat his right to a judgment. Our statute authorizing the joinder of counts in these two forms of action, for one and the same cause, was designed to prevent technical matters of pleading from being used to defeat the ends of substantial justice, as they had done in many cases

under the system of special pleading. No wrong is done to a defendant by permitting the plaintiff to state his case in such varied forms as to enable him to recover upon the facts set forth by virtue of any principle of law that is applicable to them. The proper office of a declaration is to inform him and the court what facts the plaintiff relies upon, and in such definite form that an issue to the jury can be framed upon it.

The jury were also properly instructed that the plaintiff might recover upon the count for money had and received. The defendant's services in the matter were very slight, and he told the plaintiff he was to receive only five dollars for them. The plaintiff was to have the same bounty that was paid to others by the town of Deerfield, and the smallest sum paid by the town for bounties was one hundred and seventy-five dollars. The defendant received one hundred and ninety dollars for the plaintiff's enlistment, and, under the circumstances appearing in the bill of exceptions, his attempt to hold all but thirty dollars to his own use is grossly unreasonable and fraudulent. The plaintiff can recover the balance on the ground that in equity and good conscience the defendant ought to pay it to him. *Lamb* v. *Clark*, 5 Pick. 193. *Baker* v. *Corey*, 19 Pick. 496.

*Exceptions overruled.*